No. 1884.
Second Circuit Appeal.

———

MRS. GRAYSON UNRUH v.
J. A. BONHAM.

———

(November 21, 1924, Opinion and Decree.)

———

(*Syllabus by the Editor*)

1.  **Louisiana Digest, Sales—Par. 124.**
Where delivery has been made of a stock of merchandise and store fixtures, vendor can recover the balance of the purchase price according to contract made.

2.  **Louisiana Digest, Appeal—Par. 625.**
Unless clearly erroneous, the decision of the trial judge on matters of facts will not be disturbed.

3.  **Louisiana Digest, Appeal—Par. 568, 577.**
The court of appeal cannot consider matters not in the record.

Appeal from the First District Court, Parish of Caddo, Hon. J. H. Stephens, Judge.

This is a suit for the balance of the purchase price of a stock of merchandise with store fixtures.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Dickson & Denny, of Shreveport, attorneys for defendant, appellant.

CROW, J.  Plaintiff sold and delivered to defendant in September, 1921, a stock of merchandise with store fixtures situated in the town of Mooringsport, for a consideration of $3,100.00.  At the time of the sale and delivery of the property to defendant, he paid plaintiff by check the sum of $1,325.00, which was applied on the purchase price.  According to the agreement of the parties plaintiff was to have executed his promissorry notes for the balance, payable monthly after the date of the transaction.

The fixtures were valued by the parties at $1,800.00, and the goods at approximately $1,300.00, after a deduction of a little over $300.00 had been made for a truck which defendant did not want, and also after certain items for freight, etc., had been added to the price of the stock of goods. The goods and fixtures were in a building leased by defendant from a Mr. Parrott.

Mr. Morehead, a notary public, drew up the notes for defendant to sign and, as agent for plaintiff, presented them to defendant for his signature, but defendant declined, because of some fancied objection, to sign the notes. Later on, Mr. Morehead lost or misplaced the notes he had filled out for defendant's signature, fixed up another series of notes and asked defendant to sign them. This the latter also declined to do. During all this time defendant was running the business and disposing of the stock of goods purchased of plaintiff and replenishing his stock with new goods bought from other parties, presumably wholesalers.

After having thus kept the property and run the business for a period of approximately six months without executing any notes in favor of plaintiff as he had agreed to do and without paying her $125.00 monthly on said balance, as he had also contracted to do, plaintiff instituted this suit and, as ancillary thereto, sequestered all the fixtures she had sold defendant, as well as the entire stock of goods of defendant. In the stock were many articles that plaintiff had not sold defendant and on which she, of course, had no vendor's lien that would entitle her to seize that part of the stock under a writ of sequestration. She did not point out or attempt to identify and segregate the part of the stock she had sold defendant from the rest of the stock.

Defendant filed a lengthy motion to dissolve the writ of sequestration and demanded an exorbitant amount of damages for the alleged wrongful issuance and use of the writ of sequestration. Nothing appears in the record to show that any disposition whatever was ever made of the motion to dissolve. Three days later an answer was filed by defendant.

The case was tried in the District Court, and there was judgment in favor of plaintiff for the full amount prayed for. The writ of sequestration was maintained as against the fixtures seized thereunder and dissolved as to the stock of groceries and other merchandise seized under the same writ. The judgment is silent as to defendant's claim for damages.

From the judgment of the District Court defendant has appealed.

OPINION.

There is no doubt that the judgment of the lower court is in accord with the preponderance of the testimony. It would serve no useful purpose to review in detail or otherwise the testimony. We have gone over it carefully and we agree with the District Judge, that plaintiff is entitled to the judgment which was rendered by our learned brother of the lower court.

About the only matter which seems to be anywise seriously urged here is that the District Judge should have awarded damages to defendant for the wrongful seizure of his stock of goods.

Ordinarily, that claim would avail; but here there is no adequate proof of the amount of damages sustained by defendant by reason of the wrongful seizure of his goods. He could have bonded the property immediately on its being seized, but he admits that he made no attempt to secure its release on a forthcoming bond. Too, at the

time of the seizure, defendant had closed his doors and was making an inventory of this stock preparatory to selling the entire stock to Smith Brothers. There was ground for an attachment of the property by plaintiff, but she did not resort to that remedy. Anyway there is no way by which we are to determine what amount, if any, defendant is entitled to recover of plaintiff. He has had his day in court and has been afforded an ample opportunity to make proof of whatever actual damage he sustained, but he has not done so. This court cannot supply the proof requisite to sustain his contention for damages for him. The judge of the lower court was correct in his judgment in all respects and said judgment is, accordingly, affirmed.